ANDREA PLAZA, Plaintiff and Appellee, v. THE WHITE STAR LINE, Defendant and Appellant.

No. 4566.   Argued March 12, 1929.—Decided November 22, 1929.

*Salvador Suau*, for appellant.   *A Quintana Cajas*, for appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

Andrea Plaza, a woman more than fifty years old and a seamstress, on the night of June 6, 1926, boarded in San Juan a motor bus of the White Star Line, Inc., defendant herein, operated by a chauffeur and a conductor in the employ of defendant and going towards Santurce.  When reaching stop 44 the motor bus stopped and several passengers alighted. Andrea Plaza was the last to alight and while one of her feet was on the step and the other on the ground the chauffeur of the vehicle, acting with obvious negligence and disregard of the life and safety of others, started the conveyance and Andrea Plaza fell to the ground.  She sustained several bruises in the left thigh, shoulder-blade and hip, in consequence whereof she was disabled for work for a while and spent some thirty dollars for medical treatment.  At the time of the trial of the case she still suffered from the injury in her left thigh and a troublesome ulcer.  Her customary wages were from five to six dollars a week.

Such are the facts of the case on which the complaint and the judgment appealed from herein are based.

The evidence introduced at the trial was conflicting and

the court, after carefully weighing the testimony and applying a sound and judicious standard of discretion, found as follows:

"There seems to be a conflict between the evidence introduced by the plaintiff and that taken for the defendant. Such conflict must necessarily be resolved by the court, which should take into account the behavior of the witnesses for plaintiff while testifying, under the circumstances of the case, and the credence to be given to their testimony. Really, it is difficult to express in words the appraisal made by the court of the evidence when taken as a whole. As may be noted from the foregoing analysis of the evidence, the defendant attempted to show negligence on the part of the plaintiff, but this being a matter of defense defendant's allegation in this connection is not sustained by the evidence."

Thereupon the court rendered judgment against the defendant, who was adjudged to pay to the plaintiff the sum of three hundred and fifty dollars, with costs and attorney's fees.

On appeal the defendant assigns two errors, as follows:

"1. The district court committed manifest error in finding that there was conflict between the evidence for the plaintiff and that for the defendant and in adjusting the conflict against the defendant.

"2. The district court committed manifest error in rendering judgment against the defendant on the evidence introduced by plaintiff in support of the allegations of her complaint."

We have examined the evidence in this case and can not agree with the conclusion urged that the court erred, to the prejudice of the defendant, in finding that the evidence was conflicting, since really there was a conflict, although not a very important one; and the preponderance of the evidence favored the plaintiff. We are of opinion that the conflict was very properly resolved by the court.

Appellant in its brief analyzes the evidence and tries to weaken that offered and introduced by the plaintiff; but in our view the preponderance of the evidence introduced by the appellee can not be questioned.

One of the testimonies most examined in detail by the

appellant is that of the boy Carlos López, 12 years old, which constitutes perhaps the strongest basis of the claim of plaintiff. We have read this testimony and find in it all the elements of conviction required to warrant the judgment rendered by the lower court.

The evidence introduced is sufficient to support that decision. Perhaps one single witness would have sufficed for this purpose, but there were several whose testimony renders imperative the findings made by the trial court.

We have repeatedly held that in cases of conflicting evidence the decision of the trial court will not be disturbed by us unless it clearly appears that gross error was committed or that the court was moved by prejudice, bias or passion. No such thing happens in the present case.

The judgment appealed from must be affirmed.